HARRY P. PIERCE *vs.* MORRILL BROS. COMPANY.

Cumberland County. Decided November 14, 1917. This case comes up on exceptions by the plaintiff for the granting of a motion for non-suit. It is an action in which the plaintiff seeks to recover damages received by him while unloading apples from an auto truck upon the alleged ground that, after he had stopped the truck and had unloaded five or six barrels of apples, the emergency brake which was holding the truck, with the assistance of a monkey wrench under one of the wheels, gave way, allowed the truck to start and crush his knee between the hub and a hydrant in the sidewalk.

The evidence shows that he was an experienced chauffeur having driven autos and trucks for six or seven years and that he had driven the Crabowsky truck for the defendants for about nine months. It also appears from his own testimony that he thoroughly understood the mechanism, operation and use of the brakes, including the emergency brake. The Morrill Bros. employed him to run and look after the car and assist in loading and unloading the freight. It is not pretended that they assumed the duty of making any examination of the car to ascertain whether it was or was not in running order. The plaintiff frankly says that he tested the car from time to time when he was using it to see whether the brakes were in running order. The only thing he complains of is that in "said truck by reason of the notches in the brake ratchet being badly worn rendered the brakes useless, defective, wholly unfit and unable to hold said truck still." Admitting this allegation to be true, we think his own testimony conclusively shows that he knew all about it.

The evidence shows that the plaintiff knew all about this car, its condition and just what it was liable to do if he trusted to the emergency brake to hold it. What he said to Mr. Morrill in regard to the slipping of the brake cannot be sufficient to excuse him for using the car. His evidence shows that Mr. Morrill made no response to his statement regarding the car. It does not, therefore, affirmatively appear that Mr. Morrill heard what he said. But assuming that he did, in view of the duties which devolve upon a man who is hired to run a car or truck, we think the defendant not only assumed the risk of holding this car with the emergency brake in the condition in which he knew it to be, *Dempsey* v. *Sawyer*, 95 Maine, 295; but was guilty of contributory negligence in attempting to do so. He had been accustomed to use a block as an extra precaution but on this occasion the block had been left and he used a monkey wrench which appears to have been of little or no avail.

We are of the opinion that the non-suit was rightly ordered. Exceptions overruled. *Augustus F. Moulton*, for plaintiff. *W. W. Jump, and William H. Gulliver*, for defendant.